CATHARINE M. STEWART, Respondent, *v.* BRAITHWAITE PATRICK et al., Appellants.

Where, in a deed, a boundary line is described as beginning "at" a tree, this does not necessarily fix the point at the center of the tree; but, with proof of an actual division and occupation upon a line beginning at the outer surface or near the tree, the deed may be interpreted in conformity with the practical effect so given it by the parties.

In an action of ejectment the question was simply whether the division line between the parties commenced at the center or on the north side of a buttonwood tree. Plaintiff's evidence tended to show that the division fence was in the same place from 1831 to 1872, when it was moved by defendants on a line beginning at the center of the tree; that in 1831, the tree was small and was a short distance south of the fence. No reference was made to the tree in conveyances prior to 1841; in that year, in a conveyance of plaintiff's lot the line is described as "beginning at or near" said tree, the tree increased in size and the fence was made fast to the north side thereof; in subsequent deeds the line was described as beginning "at" the tree. *Held*, that the description in connection with the visible occupation was sufficiently accurate for all practical purposes; that the line was properly established under a verdict of the jury, as claimed by plaintiff, and as located by the parties by forty years' peaceable occupation; and that such location was not inconsistent with the terms of the deed.

Also, *held*, that evidence of the condition of the lot and fence from 1849, was proper as evidence upon the question of a practical location or an adverse possession.

Where an entry upon premises is made by a husband, under claim of title, by virtue of a grant to himself and wife as joint tenants, and they

continue in joint occupation thereof, the wife asserting a claim to the land and to the possession in her own right, she is properly joined with her husband and is a necessary party defendant in an action of ejectment.

(Argued February 2, 1877; decided February 13, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action of ejectment to recover a small triangular strip of land, the title to which depended upon the location of a disputed boundary line between the adjoining lots of the parties, situate in the village of Herkimer.

Plaintiff's lot lies south of that of defendants; and the dispute was as to the commencement of the boundary line on Main street, in said village. Plaintiff claimed that it commenced at or near the north side of a buttonwood tree; defendants claimed that it commenced at the center of the tree.

Plaintiff's evidence tended to show that from 1831 down to 1872, the division fence was upon the line, as he claimed it; that, in 1831, the buttonwood tree, which was then quite small, was a little distance from the fence, so that a child could pass between it and the fence. In the deed to Frederick Bellinger, the then owner of plaintiff's lot, and in the prior deeds, no mention was made of the tree. Bellinger conveyed, in 1841, to Frederick A. Helmer and George Lake. The description of the line in his deed was as follows: "Beginning at or near a tree at the westerly corner of said lot on the easterly side of Main street and running thence north-easterly in line of the fence, between said lot and one owned by the heirs of the late Mrs. De Wolf" (now defendant's lot). Helmer, in 1845, quit-claimed to Lake, the description of the line in his deed being as follows: "Commencing at the button-ball tree, so called, and running easterly along the southerly line of the lot owned by the heirs of Peter M. Myers, deceased." Lake conveyed in 1869 to one Gross, the description being the same as in the deed from Helmer, with the

addition that the premises were the same as those conveyed by said Helmer. In 1869 Gross conveyed to plaintiff, the description being the same as in the deed to him. Defendants were bounded by their deed southerly by plaintiff's lot. The deed was to defendants, who are husband and wife, jointly. They entered into possession and occupancy, both claiming title and a right of possession, and in 1872 defendant Braithwaite Patrick moved the fence to the line claimed by them.

Evidence on the part of plaintiff as to the situation of his lot in 1849, when he first became acquainted with it, and down to the time of trial, was received under objection and exception. The questions of fact were submitted to the jury, who decided in favor of plaintiff. Certain questions of law were reserved by the court for further consideration, and upon argument thereof judgment was ordered for the plaintiff.

Further facts appear in the opinion.

*Geo. W. Smith* for the appellants. Plaintiff is bound by the description in the deed to the button-ball tree as to the point of departure on her north line eastward. (*Marble* v. *McMinn,* 57 Barb., 610 ; *Schoonmaker* v. *Davis,* 44 id., 463 ; *Yates* v. *Van De Bogert,* 56 N. Y., 526 ; *Jackson* v. *Wilkinson,* 17 J. R., 146 ; *Jackson* v. *Wendell,* 5 Wend., 142 ; 3 Washb. on R. P. [3d ed.], 352.) The court erred in submitting to the jury the question as to practical location. (*Benedict* v. *Johnson,* 2 Lans., 94 ; *Reed* v. *Farr,* 35 N. Y., 13 ; *Baldwin* v. *Brown,* 16 id., 359 ; 4 Am. R., 398 ; *Mosher* v. *Mosher,* 30 Barb., 81.) Plaintiff had no color of title to land beyond the tree to aid an adverse possession. (*Bloom* v. *Burdick,* 1 Hill, 130 ; 3 id., 182 ; *Schauber* v. *Jackson,* 2 Wend., 14 ; *Jackson* v. *Morse,* 16 J. R., 197.) The complaint should have been dismissed as to the defendant Jane Patrick. (*Snyder* v. *Sponable,* 1 Hill, 567 ; *Barber* v. *Harris,* 15 Wend., 615 ; *Jackson* v. *McConnel,* 19 id., 175 ; *Vanneman* v. *Powers,* 56 N. Y., 39, 43 ; *Beach* v. *Hollister,* 3 Hun, 519 ; *F. and M. Nat. Bk.* v. *Gregory,* 49 Barb., 162 ; *Goelet* v. *Gori,* 31 id., 319 ; *Torrey* v. *Torrey,* 14 N. Y., 432 ;

*Miller* v. *Miller*, 9 Abb. [N. S.], 444; 2 Kent's Com. [11th ed.], 113; *Peabody* v. *Wash. Co. Mut. Ins. Co.*, 20 Barb., 342; Voorhee's Code [10th ed.], § 144, subd. 4; *Van Horne* v. *Everson*, 13 Barb., 531; *Van Buren* v. *Cockburn*, 14 id., 120.)

*A. H. Prescott* for the respondent.

ALLEN, J.    The evidence to the admission of which exception was taken was admissible to prove a practical location of the boundary line or an adverse possession.   If it was insufficient to establish either, that fact constituted no objection to its competency.   If it tended to prove either fact its sufficiency for that purpose was for the jury, and had it proved insufficient to sustain a verdict for the plaintiff upon either ground, it would have been for the court to have withheld the questions sought to be made upon the evidence from the jury.

The motion for a nonsuit was properly denied as the case stood at the close of the plaintiff's evidence.   Evidence had been given of occupation and undisturbed possession of the *locus in quo* by the plaintiff, and those under whom she claimed up to the line as claimed by her for more than forty years, from 1831, or prior to that time, down to 1872, when the entry complained of was made by the defendants.   The defendants' lot, which was claimed to include the narrow strip of land in controversy, was bounded generally on the south by the lot of the plaintiff, and to ascertain the boundary line resort must be had to the deeds in the chain of title to the plaintiff's lot.   If the buttonwood tree, which stands at or near the north-west corner of the plaintiff's lot, had never increased in size, it is not probable the courts would ever have been troubled with, or the parties had the luxury of this litigation.   The only question is now whether the center of that tree, or the outer surface on the north, constitutes the true boundary.   In 1831 the tree was small, and there is evidence that about that time the division fence between the two lots,

both being occupied, was a little to the north of the tree, with room for a child to pass between it and the fence. In 1841 the lot was conveyed by deed to Lake and Helmer, under whom, by sundry mesne conveyances, the plaintiff derives title, and its boundaries are described as " beginning at *or near* " the tree spoken of, and running thence northeasterly in the line of the fence, etc. The tree was not mentioned in any prior conveyances. Subsequent deeds down to that to the plaintiff bound the lot " beginning *at* " the tree, and running thence along the southerly line of the lot now owned by the defendants. There was evidence that, up to 1872, the division fence had remained where it was in 1831, and that the tree had increased in size, so that the fence was made fast to it on the north. It is true evidence was given by the defendants to disprove this, but the jury have found for the plaintiff, and that the division fence was for all the years mentioned, as claimed by the plaintiff. It was clearly the intention of Lake and Helmer, and those who succeeded to their title, to convey the same premises described in their deed, and as described, and the omission of the word " *near* " in fixing the corner does not indicate, under the circumstances, an intent to change the bounds of the premises granted.

The two lots were in the open, visible occupation of the respective owners up to the division fence, acquiesced in as the true boundary line between them. The description of the survey as beginning " *at* " the tree, does not necessarily fix the point at the center of the tree. That may be, in the absence of other circumstances to qualify the description, the legal effect of it. But with proof of an actual division and occupation upon a line beginning at the outer surface or " *near* " the tree, the deed may be interpreted in conformity with the practical effect given it by the parties. Again, if the center of the tree was the corner as between these contending parties it was also as between both and the highway or street, and this is not claimed. The description, in connection with the visible occupation, was sufficiently accurate for all practical purposes, and the line, under the verdict of

the jury, was properly held to be as the plaintiff claims it, and as the parties by the forty years of peaceable occupation have located it, and this location is not inconsistent with the terms of the deed. The corner is substantially " *at* " the buttonwood tree.

The feme defendant was a proper party to the action. The two defendants, husband and wife, were seized in joint tenancy, and were in joint occupation of the lot owned by them. The entry upon the premises by the husband was under claim of title under the grant to himself and wife, and his entry would inure to the benefit of both.

When possession was demanded of the wife she did not disclaim title to the land or repudiate the action of her husband, but refused to give possession, thus, in her own right, asserting a claim to the land, and to the possession. She was a proper party not as answerable for the tortious acts of her husband, but as one claiming title and a right of possession to *locus in quo*. (Code, § 118.)

The action would have been defective without her as a party. The judgment would not have concluded her, and the same questions would have to be litigated over again with her should she hereafter assert the right which she did assert by refusing to yield possession. It is well that this boundary line should be definitely settled by this litigation which has been greatly disproportioned to the interests involved.

The judgment must be affirmed.

All concur.

CHURCH, Ch. J., absent ; and EARL, J., taking no part.

Judgment affirmed.