SAINT LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* STRINGER.

Opinion delivered March 11, 1905.

CONTRACT—CONSTRUCTION.—A contract between the owner of a saw mill and a railway company by which the former stipulated that, in consideration that the latter would build a spur track to the former's mill, he would hold it harmless from liability for live stock killed or injured by it "at the said spur track or siding or upon the same" does not apply to the case where stock is killed at a crossing of the main track thirty feet distant from the spur track.

Appealed from Craighead Circuit Court, Jonesboro District.

ALLEN HUGHES, Judge.

Affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

The stipulation in the side track agreement exempting appellant from liability is valid.  46 Ark. 238; 24 L. R. A. 647; 70 Fed. 201; 64 L. R. A. 81; 40 L. R. A. 101; 3 Am. & Eng. Enc. Law 875; 193 U. S. 442; 192 U. S. 448; 113 Fed. 508; 87 Am. Dec. 260; 150 Mass. 365.

*Eugene Parrish,* for appellee.

Appellant was liable, notwithstanding the stipulation.  Hutch. Car. 260; 17 Wall. 357; Clark, Contr. 468; 47 Ark. 97; 57 Ark. 112, 127; 32 Ark. 398; Cooley, Torts, 687; 58 Miss. 911; 11 S. E. 829; Bishop, Contr. 473.

Hill, C. J.    Stringer sued the railway company, charging that in the operation of one of its trains it negligently killed a horse belonging to him.  The railway company denied negligence, and pleaded a contract which it claimed exempted it from liability.  The court excluded the contract, and it is admitted that otherwise the case was properly submitted to the jury, and that there is evidence to sustain the verdict in favor of Stringer for the value of his horse.

The only question, therefore, for determination is the applicablity and effect of the contract in question.  The railroad agreed to lay for Stringer a side track or spur from its line to his sawmill, and a written contract was entered into between them which contained this clause:

" The said second party hereby further stipulates and agrees that, in consideration of the agreement herein contained to be kept and performed by the said railway company, that they will fully release, indemnify and hold the said railway company harmless from all liability or claims for damages for killing, crippling or maiming any cattle, horses, mules, sheep, hogs, or other live stock belonging to said second party, or to their employees, which may be killed, crippled or maimed by said railway company on their tracks at the said spur or siding or upon the same."

The appellant, in its cross-examination of Stringer proved that the horse was killed at a crossing 30 feet north of the spur. "That is to say that the spur did not connect with the main line for 30 feet south of where the horse was killed." This evidence was uncontroverted.  The train which killed the horse was not using the spur track, but was going south on the main line at a

speed of twenty miles an hour; and the presence of the spur track or its use did not enter into the circumstances causing the killing of the horse. The circuit court excluded the contract on the ground that it was void as against public policy, and that question is discussed here. The court does not determine that question because, if the contract was valid, still its exclusion in this case was proper. The contract covers only damage to stock "on their tracks at said spur or siding or upon the same." This killing did not occur at the spur nor on the spur, and was in no way connected with the use of the spur. While it was near the spur, yet if it had been 100 feet or 500 feet it would still have been near the spur, and there is no point to draw the line other than the line the parties drew themselves in the contract.

There being no causal connection between the spur track and the killing of the horse, there is no reason to extend the contract to cover the injury, unless its terms require it.

"The preposition 'at,' when used to denote local position, may mean 'in, on, near, by, etc., according to the context;' denoting usually a place conceived of as a mere point." *Rogers* v. *Galloway College,* 64 Ark. 627.

While cases construing this preposition are not of much value, as they necessarily turn on the context and connection in each instrument, yet, for what value they are, they support the conclusion reached herein. *Stewart* v. *Patrick,* 68 N. Y. 450; *Proctor* v. *Andover,* 42 N. H. 348; *Davis* v. *C. O. & G. Rd.* 75 S. W. (Ky.) 275; Words and Phrases Judicially Construed, Vol. 1, p. 593, *et seq.*

The horse was not killed at or on the spur track, and the contract did not apply.

The judgment is affirmed.

Mr. Justice BATTLE dissents.