MICHAEL THOMPSON and JOHN BAILEY, plaintiffs in
Error,

*vs.*

LOYAL H. JONES. Defendant in Error.

ERROR TO WAUKESHA CIRCUIT COURT.

The general rule is, in respect to grants, that where there are certain particulars
once sufficiently ascertained, which designate the thing intended to be granted,
the addition of a circumstance false or mistaken will not frustrate the grant.

Where lands are so described in a deed by metes and bounds as to render the de-
scription of the same certain and definite, the insertion of an erroneous quarter
section, in which the lands purport to be situated, may be rejected as surplusage.

THIS was an action of ejectment, commenced in the Waukesha
Circuit Court, by the present defendant in error against the plain-
tiffs in error, to recover possession of a certain dwelling-house
and lot, situate in the town of Waukesha. The land in contro-
versy is described in the plaintiff's declaration as a *part of sec-
tion three, town six north, of range nineteen east*, and is set out
by metes and bounds. Morris D. Cutler was the original paten-
tee, from whom both parties claimed title. Since Cutler con-
veyed this land, it, together with adjacent lands, had been laid
out and platted, and this particular lot is designated as lot ten,
of block three, of Cutler's addition to the town of Prairieville.
The cause was removed to Jefferson county, where it was tried
at the October term, 1854, and judgment rendered for the
plaintiff.

On the trial, the plaintiff below offered and read in evidence
(among other things) a deed from Elijah Thompson and wife to
Loyal H. Jones, bearing date November 7, 1854, duly acknowl-
edged and recorded, of certain lands described as follows:

"All that certain piece or parcel of land, being a part of the
northwest quarter of section three, of town six, north of range
nineteen, east, described as follows: commencing at a point fifty
feet westerly of the southwest corner of a lot in possession of
Otis F. Curtis, which point is on the continuation of the straight
line bounding the south side of said lot belonging to Otis F

Curtis, and running from said point on the continuation of said line westerly fifty feet, and parallel with the surveyor's quarter section line; thence, at right angle, northerly one hundred and fifty feet to quarter section line; thence, at right angle, easterly fifty feet on said quarter section line; thence, at right angle, southerly one hundred and fifty feet, to the place of beginning, which lot is bounded on the west by a lot owned by Michael Thompson, and on the east by a lot owned by E. W. Goodenow."

This being all of said deed descriptive of land purporting to be or being conveyed thereby. Said plaintiff afterwards called Vernon Tichenor, a witness sworn in his behalf, to whom he presented the deed above described, and placing said deed in the hands of said witness, asked said witness—" Do you know the premises described in that deed?" To which said witness answered, "I do." Plaintiff then asked the witness the following question: "What quarter of section three are those premises on?"

The defendant, by his counsel, objected to the question, on the ground that it was not competent to show, by parol, that the land described was not in the quarter section stated in the deed. The court overruled the objection, and decided that the question was a proper one to be answered by the witness.

Defendant then and there excepted. The witness thereupon answered that the premises were situated in the southeast quarter of said section.

The evidence being closed, the court charged the jury as follows: "If the description by metes and bounds, with the evidence before you, is sufficient to satisfy you that the land intended to be described is on the southeast quarter, and not on the northwest quarter, as stated in the deed, then the description by metes and bounds will overcome the other parts of the description in the deed." To which charge, so as aforesaid given, the said defendant, by his counsel, did then and there except. The defendant, to show title to the premises in question, offered and read in evidence a deed from Morris D. Cutler, dated November the 14th, 1842, to him, said defendant, the descriptive part of which, and all the part thereof describing land therein conveyed, is as follows: "The following described piece, or parcel of land, to wit, being a part of the west half of the south-

east quarter of section number three (3), township number six (6), range nineteen (19), Milwaukee county, commencing on said lot in Prairieville, Milwaukee county, Wisconsin, one hundred feet from the southwest corner of O. F. Curtis' house lot, running thence on a line with the front of said Curtis' lot fifty feet; thence at right angles with the front line, northerly, one hundred and fifty feet; thence easterly along quarter section line fifty feet; thence southerly one hundred and fifty feet to the place of beginning."

The plaintiff having before shown by his testimony that Otis F. Curtis, at the date of the deed from Cutler to the defendant aforesaid, occupied a tract of land not then platted, that was one hundred feet front by one hundred and fifty feet deep, on the southeast corner of which stood said Curtis' dwelling-house, and which was part of a tract that said Cutler had contemplated platting, and did afterwards plat as an addition to Prairieville.

The defendant offered and gave evidence tending to show that said Curtis' tract of one hundred by one hundred and fifty feet was regarded as two lots, and was of the size of two ordinary lots of the village of Prairieville aforesaid, and also to show that the point designated, in the deed aforesaid, as the southwest corner of "Curtis' house lot," was fifty feet west of the southeast corner of said Curtis' lot, and asked the court to charge the jury—

1st. That if the starting point in the deed from Cutler to Michael Thompson was one hundred feet from the corner of Curtis' lot, on which his house stood, and that lot was then considered a lot of fifty feet front, Michael Thompson is entitled to the land in controversy, although Cutler and Thompson both intended to start one hundred and fifty feet from said point, or one hundred feet from Curtis' vacant lot.

2d. That a mistake in a deed, not ambiguous in terms, cannot be corrected, but the deed must stand without regard to the intention of the parties, in an action at law.

The court refused to charge so as aforesaid requested, and defendant excepted.

The court further charged the jury that inasmuch as the language of the deed to Michael Thompson was not clear and free from doubt, and parol proof must be introduced to fix the words

"southwest corner of Curtis' house lot," it is proper for the jury to ascertain, if they can, what the parties themselves intended and understood to be such corner when the deed was given; and if such understanding of the parties cannot be ascertained from the proofs, then it is further for the jury to see if there was any public or common understanding in the immediate neighborhood as to which was Curtis' house lot, and the southwest corner thereof at the time.

And such understanding of the parties, if it existed, will be conclusive as to the construction of the deed. If there was no such understanding between them, still, if in the neighborhood it was generally understood where and what the corner was, the parties may be presumed to have acted upon it, and that act fixes the construction of the deed. If the jury find no such understanding of the meaning of the words, "Curtis' house lot," then they must determine from all the evidence in the case, what was the southwest corner of "Curtis' house lot" at the date of the deed to defendant Thompson, in 1842, and the point or corner so found will be regarded as that intended by the point, one hundred feet west from which was the east line of the lot conveyed by Cutler to the defendant Thompson—a lot fifty feet wide by one hundred and fifty feet deep. To all which the defendant excepted.

Judgment was entered upon the verdict, to reverse which this writ of error is brought.

*J. E. Holmes,* for plaintiff in error.

*Peter Yates,* for the defendant in error.

*By the Court,* COLE, J. This was an action of ejectment, brought by Jones against the plaintiff in error, to recover the possession of a certain lot in the village of Prairieville. To make out his title, Jones in the court below offered in evidence a deed dated Nov. 7th, 1844, from Elijah Thompson and wife to him, in which the premises conveyed are described as follows:

"All that certain piece or parcel of land, being a part of the *northwest* quarter of section three, of town six north, of range nineteen, east, described as follows: commencing at a point fifty

feet westerly of the southwest corner of a lot in possession of Otis F. Curtis, which point is on the continuation of the straight line bounding the south side of said lot belonging to Otis F. Curtis, and running from said point on the continuation of said line westerly fifty feet, and parallel with the surveyor's quarter section line; thence, at right angle, northerly one hundred and fifty feet to quarter section line; thence, at right angle, easterly fifty feet on said quarter section line; thence, at right angle, southerly one hundred and fifty feet to the place of beginning: which lot is bounded on the west by a lot owned by Michael Thompson, and on the east by a lot owned by E. W. Goodenow."

Upon the trial of the cause, parol testimony was admitted to show that the premises described in the deed were situated on the *southeast* quarter of section three, instead of the *northwest* quarter as stated in the deed; and the principal, and indeed we may say the only question in this case, is whether such evidence was admissible for that purpose.

The rule that governs in the construction of grants, and which appears to be decisive upon this point, is laid down in a variety of cases as follows:

"If there are certain particulars, one sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken, will not frustrate the grant." *Jackson vs. Clark,* 7 *J. R.* 216; *Loomis vs. Jackson* 19 *id.* 448; *Worthington et al. ex. vs. Hylyer,* 4 *Mass.* 196; *Jackson ex dem Smith vs. Marsh,* 6 *Cowen,* 281. *The lessee of Benjamin Eggleston, et al. vs. Moses Bradford,* 10 *Ohio R.* 312; *Wendell vs. Jackson ex dem.*

In the case under consideration, there is no difficulty whatever in ascertaining the premises intended to be conveyed, for they are very accurately and minutely described by metes and bounds, courses and distances, and also the ownership of the adjoining lots given; providing the word *northwest* is rejected from the description. The section, town and range are correct, but a mistake is made in the quarter section. We do not think that mistake should control the other description in the deed, and vitiate what is sufficiently certain without it.

If effect shall be given to that particular of the description, the grant becomes void. The ground of argument assumed by

the counsel for the plaintiffs in error is, that there is no latent ambiguity in the deed which requires explanation by extrinsic evidence. But that is a mistake. The lot of Otis F. Curtis is upon the *southeast*, instead of the *northwest* quarter of the section. So is the lot owned by Michael Thompson, and the one owned by E. W. Goodenow, referred to and mentioned in the deed. It is by these adjoining lots, that the one intended to be conveyed is ascertained. We, therefore, conclude that the rule of construction, as well as the suggestions of common sense, requires that the word *northwest* should be rejected from the description of the deed.

The first instruction asked for by the plaintiffs in error, in the court below, was substantially given in the charge of the judge. The jury were left to determine from the evidence, the meaning of the words "Curtis' house lot," in the deed from Cutler to Michael Thompson, and also to fix and ascertain the starting point in that deed.

The second instruction has already been passed upon in considering the main question in the case.

The judgment of the Circuit Court is affirmed.