AMOS PETTIT and others, Appellants, *v.* ORSON SHEPARD, Respondent.

When the description of land conveyed by deed is vague and uncertain, parol evidence of the intention of the parties as to the real boundaries is admissible.

Parol evidence is admissible, not to contradict or vary the deed, but to identify the subject matter, and show what the grantor intended by "the west half of lot No. 76."

The words "all that certain piece or parcel of land situate in said town of Niagara, being the west part of lot No. 76, lying on the eastern side of Niagara river, containing eighty-five acres, be the same more or less," include all the land of the grantor remaining unsold in said west part of said lot, unless a different intent is otherwise manifest.

THIS is an action of ejectment brought by the heirs of one Joshua Pettit to recover a lot of thirty-five acres of land — part of lot No. 76, which lot, among others, was conveyed by letters patent from the State in 1815, to James Emmott — and was a part of the unappropriated lands of the State lying on the easterly side of the Niagara river, and which had been surveyed and described in a field book and on a map on file in the office of the secretary of state. Lot No. 76 was conveyed, in the same year, by Emmott to Joshua Pettit, and was described as containing one hundred and seventy-five acres, more or less. In 1829, Pettit conveyed to one Lewis Anguish ninety acres of this lot, to be taken from the east side, bounded on the east, north and south by the lines of the lot, and on the west by a line parallel to said east line, and so far distant as to include ninety acres. Joshua Pettit continued in possession of the residue of the lot, and cultivated the southern portion of it up to the Anguish line. Along this line there was a fence, extending from the east line of the lot north about forty rods, and thence to the north line of the lot by stakes and marked trees. In 1829, also, Joshua Pettit mortgaged to Peter B. and Augustus Porter eighty-five acres, to be taken from the west end of lot 76, and in this mortgage described the land as bounded on the east by the land conveyed to Anguish. In 1835, Joshua

Pettit sold and conveyed to one Gustavus Grimard, "All that certain piece or parcel of land situate in the said town of Niagara, being the *west part of lot No.* 76, lying on the easterly side of the Niagara river, containing eighty-five acres, be the same more or less." Under this deed, Grimard went into possession of all the land up to the Anguish line, being the whole of lot 76, except the ninety acres; and he and his grantees continued in possession for nearly twenty years, when this action was brought against the defendant, who claims under Grimard, to recover about thirty-five acres lying directly west of the ninety acres sold to Anguish; it appearing that lot No. 76 contained over two hundred acres, instead of one hundred and seventy-five according to the State survey; and the plaintiffs, as heirs of Joshua Pettit, claim that his deed to Grimard of ."*the west part of the lot*," describing it as containing eighty-five acres more or less, did not convey the whole residue of the lot after taking off the ninety acres, but only eighty-five acres. On the trial, the deeds and the mortgage to Porter were put in evidence, and Grimard gave testimony to the effect that when he purchased, Joshua Pettit went with him on to the premises, and pointed out the boundaries, and explaining to him that this west part of the lot extended up to the Anguish line. This testimony, and the admission of the mortgage as evidence, was received under plaintiffs' objection and exception. The question of fact was then submitted to the jury, whether Joshua Pettit's deed to Grimard covered and conveyed the premises in controversy. To this there was an exception by plaintiffs. The jury found in favor of the defendant, and the judgment was affirmed by the Supreme Court in the 8th district.

*A. G. Rice,* for the appellants.

I. It was improper to admit parol evidence, and evidence of facts outside of the deed from Pettit to Grimard, to show what land was intended or "designed to be designated by the west part of lot 76."

1. The description of the land in the deed was certain and unambiguous. Three of the boundaries were given and the

fourth was ascertainable, from the deed, by a mathematical calculation. The description, when written out in full, would read, "the west part of lot 76, bounded on the north, west and south by the lines of the lot, and on the east by a line parallel to the west boundary, so far east therefrom as to include eighty-five acres."

2. When quantity is added to a description it forms a part of the description (*Laub* v. *Buckmiller*, 17 N. Y., 620; *Mann* v. *Pearson*, 2 Johns., 37), and when the other terms of the description are not sufficiently certain and demonstrative, the quantity is an essential part of the description. (*Kirkland* v. *Way*, 3 Rich., 4.) The words "more or less" are always surplusage, and particularly is that so when the quantity becomes an essential part of the description. (*Brant* v. *Ogden*, 1 Johns., 156; *Cutts* v. *King*, 5 Greenl., 482.)

3. Effect is to be given to every part of a description, unless different parts are repugnant to each other, or by such a construction the grant would fail or be defeated. (*Seaman* v. *Hogeboom*, 21 Barb., 398; *Hathaway* v. *Power*, 6 Hill, 453; *Clarke* v. *Baird*, 5 Seld., 183; *Law* v. *Hempstead*, 10 Comst., 23.)

In cases of repugnancy or ambiguity, the less certain calls yield to those which are more certain. If all cannot stand together, quantity yields to courses and distances, and they in turn yield to fixed monuments and natural boundaries, but neither are to be rejected when there is no conflict, and when the grant can be upheld by giving effect to all. (7 Mass., 497.)

4. If the whole lot had been unoccupied and all owned by Pettit at the time he conveyed to Grimard, it would not have been contended that the deed conveyed the whole lot, nor that the deed was void for uncertainty of description, but effect being given to quantity, it would have been held to convey eighty-five acres off the west part of the lot. (*Allerton* v. *Johnson*, 3 Sandf. Ch., 72.)

5. When the description is certain or can be made certain from the deed itself, and the land can be located from the

calls in the deed, it is error to permit evidence of the acts or declarations of the parties or of other facts outside of the deed to be given to show what land was intended to be conveyed. The intention of the parties in such cases is to be drawn from the deed, and not elsewhere. (*Van Wyck* v. *Wright*, 18 Wend., 157; *Luiscott* v. *Fernald*, 5 Greenl., 496; *Bell* v. *Morse*, 6 N. H., 205; *Seaman* v. *Hogeboom*, 21 Barb., 398; *Clarke* v. *Baird*, 5 Seld., 183.)

II. The court erred in submitting it to the jury to find whether the land in dispute was included in the deed under the designation of the "West part of lot 76."

1. The description of the land in the deed being complete and certain, it could not be enlarged by evidence outside the deed, and by a finding upon such evidence.

2. There was no proof wanting such a submission. There is no proof whatever tending to show that the lot or land west of the Anguish line, had ever received, or been known by, or designated or called by the cognomen of "the west part of lot No. 76." The mortgage to Porter described particularly all the land west of the Anguish line, and called it eighty-five acres to be taken off the west end of the lot. If that tended to prove anything, it tended to prove that Pettit, at that time, supposed that part of the lot contained eighty-five acres only, but it did not tend to prove that the land was known by or called "the west part of the lot," or had any designation or name.

3. The possession had not continued twenty years. (*Clarke* v. *Baird*, 5 Seld., 183.)

III. The Supreme Court proceeded upon the idea that the whole of Pettit's land was conveyed by the general appellation or designation of the "west part of lot No. 76," and that all other parts of the description were subordinate to that general description. The deed does not purport to do any such thing. It does not convey "all that certain tract of land known as the west part," &c.; nor "all the grantor's land on the west part," &c.; nor "the grantor's farm, being the west part, &c. It does purport to convey "all that certain piece or parcel of land, situate," &c., "being the west part of lot No.

76, containing eighty-five acres more or less." It conveys
a certain piece of land, located on a certain part of the lot,
and containing a certain quantity of land. From that des-
cription any surveyor could locate the land by the calls in the
deed without resorting to any extrinsic fact. If he could, the
description is *certain*, and cannot be enlarged, changed or
limited by the declarations or actions of the parties. (*Clark* v.
*Baird, supra.*)

*J. L. Talcott*, for the respondent.

The plaintiffs' ancestor, the grantor of Grimard, in his
deed, by the expression, "be the same more or less," to
which it is necessary to ascribe meaning, if possible, has
clearly declared, by the apt and usual language, that the
quantity specified was not intended as the controlling part
of the description. In other words, he says by his deed, "I
convey the west part of lot 76, supposed (or assumed) to con-
tain eighty-five acres, but the west part of lot 76, which may
contain either more or less than eighty-five acres, and
whether it shall be found to contain more or less." And, in
case of any doubt, the construction is to be against the
grantor.

Upon this subject evidence that the parcel claimed and
occupied by the defendant, had been generally known and
designated as the west part of lot 76, would have been admis-
sible. And evidence that the grantor himself so designated
it and pointed it out, and put his grantee into possession of
it, as such, pointing out the boundaries, is more clearly
admissible and more satisfactory. (*Reed* v. *Proprietors of
Locks, &c.*, 8 How. U. S., 274; *Lessee of Atkinson* v. *Cum-
mins*, 9 How. U. S., 479.)

There can be no dispute but that the grantor intended to
convey "the west part of lot 76." The evidence was not as
claimed by the plaintiffs, to vary or contradict the deed, but
simply to identify the subject matter. If the grantor
intended to convey by that description all that part of lot
76 not conveyed to Anguish, then it is clear that the mistake

as to quantity did not operate to restrict the grant. (*Hatha-way* v. *Power*, 6 Hill, 453.)

Pettit had conveyed off the east end of the lot ninety acres, more than one-half the supposed quantity; the remainder was the "west part" of the lot.

The testimony of the witness, Grimard, was solely to the effect that the grantor showed him, by bounds, the west part of lot 76, not to show by parol that the grantor declared the bounds to be different from those stated in the deed. Nor did the testimony of Grimard show that his grantor by parol contradicted anything stated in his deed.

*a.* The declarations of the grantor, together with all the surrounding circumstances and facts, were admissible to identify the subject matter; they are collateral to the question of intention, but are admissible to aid in the interpretation of the deed. (1 Greenl. Ev., §§ 287, 288.)

*b.* The declarations of a party in possession, as to the location, boundaries and division lines of land are admissible in evidence against him and those claiming under him. (*Rockwell* v. *Adams*, 6 Wend., 467; *Jackson* v. *McCall*, 10 Johns., 377; 1 Cowen & Hill's Notes, page 266.)

Especially where the statements have been followed by long acquiescence in the location, though short of the time necessary to raise the statute bar. (*Jackson* v. *Van Corlaer*, 11 Johns., 123; *Jackson* v. *Smith*, 9 Johns., 100; *McCormick* v. *Barnum*, 10 Wend., 105; *Rockwell* v. *Adams*, 7 Cowen, 761.)

*c.* The plaintiffs are prevented by a clear *estoppel in pais*, from alleging that the "west part of lot 76" is other than as their ancestor represented it. See this principle applied to an erroneous location. (*Jackson* v. *McConnell*, 12 Wend., 421.)

That which operates in the nature of an *estoppel in pais* is always admissible in evidence.

*d.* The declarations of Pettit accompanying the act of putting his grantee in possession, were admissible as part of the *res gestæ*. (1 Greenl. Ev., §§ 108, 109.)

CAMPBELL, J.   The deed from Joshua Pettit, the ancestor of the plaintiffs, to Gustavus Grimard, from whom defendant derives title, describes the land as "all that certain piece or parcel of land situate in the said town of Niagara, being the *west part* of lot No. 76, lying on the easterly side of Niagara river, containing eighty-five acres, be the same more or less." This description is vague and uncertain.   The land is a part of lot No. 76, in the town of Niagara.   Whether the whole township was divided into lots and lot 76 was one of the divisions, might be an inquiry arising out of this description. We know, however, from the description in the patent to James Emmott, that this lot of land was a part of the unappropriated lands of the State, lying on the easterly side of the Niagara river, and was known and designated as lot No. 76, in the field book and on the map of such lands, filed in the office of the secretary of State.   In the deed the lot is referred to as if it were a well known tract, piece or division of land; part or division of a larger parcel or tract, that is well known to the parties, the seller and the purchaser.   The particular piece or portion is designated, also, as a well known part or division.   The description in the deed is very uncertain and indefinite, but the intent of the seller is very manifest.   He conveyed the *west part* of the lot; not the west quarter, or third, or half; not eighty-five acres to be taken from the west part, but the *west part* itself, whatever that might be in acres; eighty-five acres more or less. In a previous deed, this same grantor had conveyed ninety acres, part of the lot. . There had not then, so far as appears, been any division of lot No. 76.   That ninety acres was carefully bounded on three sides by the lines of the lot, and on the other side by a line to be drawn parallel to the east line, and so far distant as to include exactly ninety acres. That ninety acres was doubtless known as the east part of the lot.   It was supposed to be more than the half of the lot, as at that time it was understood, in accordance with the original State survey, that the whole lot contained only one hundred and seventy-five acres.   Looking at the description in the deed to Grimard, by the light of surrounding

circumstances, there hardly can be a doubt as to the intention of Joshua Pettit, when he executed that deed, to convey all the residue and remainder of the lot, and that was what was understood and intended by the designation "the west part of lot No. 76." It was said by Mr. Justice Beardsley, in *Hathaway* v. *Powers* (6 Hill, 455), "the doubt is as to the tract or parcel, not as to its size, and that portion of the description which mentions the number of acres, affords no aid whatever in ascertaining the particular piece of land intended." "The number of acres named gives no aid on the point of identity, and can only be regarded as an attempted designation of quantity, which turns out to be erroneous." The mortgage to the Porters, and the testimony of Grimard, however, become material and important as to the intention of the grantor and the identity of the premises. The evidence was not given to vary or contradict the deed, but to identify the subject matter, and to show what the grantor intended by "the west half of lot No. 76." In this view, the evidence was rightly admitted. It tended to show the location and boundaries of the piece of land which the grantor intended to convey and did convey by the description or rather the designation, "the west half of lot No. 76."

This evidence having been admitted, the question necessarily arose and was properly submitted to the jury, whether the deed to Grimard, conveying the west part of lot No. 76, did not convey all the land in lot 76, lying west of the ninety acres, sold by Joshua Pettit to Anguish. That was a question of fact arising upon the evidence.

I think this judgment should be affirmed, in which opinion all the judges concurred.

Judgment of the Supreme Court affirmed.