BERMAN v. GOLDSAND.

(Supreme Court, Appellate Term. February 28, 1898.)

1. SALES—ACTION FOR PRICE—FINDING—SUFFICIENCY OF EVIDENCE.

In an action for the price of goods tried to the court, the answer denied the sale, and alleged that they were delivered on a memorandum, and to be paid for when sold, or, if not sold, to be returned. Such agreement was proven by defendant and two other witnesses. Defendant also put in evidence a check given to plaintiff in part payment for said goods, which had on it the words "Acc. on mem." Three witnesses testified that said words were not on the check when it was delivered to plaintiff, and defendant testified that they were. *Held*, that a finding that it was not a sale was not against the weight of evidence.

2. NEW TRIAL—SURPRISE—WAIVER OF OBJECTION.

Plaintiff was not entitled to a new trial on the ground that he was taken by surprise by the altered condition of the check presented on the trial, and that he could establish by expert testimony that the words "Acc. on mem." were written on the check after it was file marked by the bank on which it was drawn, where he did not claim surprise in the trial court, or request an adjournment to enable him to procure expert testimony.

Appeal from Ninth district court.

Action by Abraham Berman against Alexander Goldsand, tried to the court, without the intervention of a jury. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Jacob Marks, for appellant.
Otto J. Hochstadter, for respondent.

GIEGERICH, J. This action was brought to recover the sum of $157.75, alleged to be due for goods sold and delivered to the defendant. The pleadings are in writing. The answer denies that the goods were sold, and alleges that they were delivered on memorandum, and remained the property of the plaintiff, to be paid for by the de-

fendant when sold, or, if not sold, to be returned, and that, in accordance with that agreement, the defendant did return to the plaintiff goods to the value of "eighty-odd dollars." At the trial there was a sharp conflict of evidence upon the issues of fact thus raised, and the justice, in rendering judgment for the defendant, decided "that the goods were not sold, but were delivered on memorandum, remaining the property of the plaintiff, to be paid for by defendant when sold, and, if not sold, to be returned by defendant to plaintiff"; and he further held that although the defendant was indebted to the plaintiff in the sum of $25 or thereabout, the proceeds of other sales, that could not be recovered in the present form of action, because no sale of the goods had taken place, they being merely left upon the conditions before stated.

Plaintiff claims, substantially, that the judgment is against the weight of evidence; yet a careful perusal of the record justifies us in the contrary conclusion. The agreement under which the defendant claims the goods were left with him on memorandum was proven, not alone by his own testimony, but by that of two additional witnesses. Certainly, the entire oral and documentary evidence respecting the alleged spoliation of the $35 check, given by the defendant to the plaintiff in part payment for goods sold under said agreement, should be considered by the justice as a circumstance, at least, in determining the weight of conflicting testimony upon the main issues of fact in the case. The mere fact that three witnesses testified that the words "Acc. on mem." were not upon the check when it was delivered to plaintiff, as against the defendant's own testimony in diametrical opposition thereto, is not, as claimed by the plaintiff, a manifest indication that the justice neglected to deliberate upon the whole testimony. The justice, having had the witnesses before him, was undoubtedly better able to judge of their credibility and of the weight to be given to their testimony than is this appellate court; and hence we see no reason for disturbing his conclusion, in the absence of the elements which are requisite to a review of the facts. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731.

Plaintiff also claims to have been taken by surprise by the altered condition the check presented upon the trial, and now asserts his ability to establish by expert testimony that the words in question were written in the body of the check after it had been punctured or file marked by the bank upon which it was drawn. A close scrutiny of the record, however, fails to show that the plaintiff pleaded surprise, or requested an adjournment to procure expert testimony. On the contrary, it clearly appears that he elected to proceed with the trial, that he and two other witnesses called by him testified as to the condition of the check, and that he then submitted the case to the justice. He thereby took the hazard of a trial, hoping, no doubt, that the justice would disbelieve the defendant's story regarding the check; and, now that the issues have been decided adversely to him, he applies to this court for relief. Even aside from the question of our power to grant the relief asked, we think that, under the circumstances, a new trial should not be granted, for the reasons already mentioned. The justice having found that there was no sale of the goods, his conclusion as

to the remedy to recover the balance of the moneys in defendant's hands is in all respects correct.

The judgment should therefore be affirmed, with costs.    All concur.