(23 Misc. Rep. 685.)

## FREUD v. KEARNEY.

(Supreme Court, Appellate Term. June 6, 1898.)

PAROL EVIDENCE.

 In a proceeding involving the construction of a lease, the fact that the demised premises, consisting of a portion of a store of very irregular shape and peculiar construction, are described merely as the "westerly half" thereof, warrants the admission of parol evidence to ascertain the intent.

Appeal from Sixth district court.

This is an appeal by Hannah Freud from a final order of the municipal court of the city of New York, made in favor of the occupant, Jane H. Mills, by the justice thereof, upon a trial had without a jury. The said Jane H. Mills died shortly after the making of the final order, and by an order of this court Lucille C. Kearney, executrix and trustee of the last will and testament of said Jane H. Mills, deceased, was substituted in her place and stead as respondent herein. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Walter D. Edmonds, for appellant.

George W. Sickles, for respondent.

GIEGERICH, J. These proceedings were brought to remove the respondent's testatrix, Jane H. Mills, from a certain portion of the store in the building known as "No. 68 West Twenty-Third Street," in the city of New York, into which, it is alleged, she intruded and squatted upon, without the permission of the applicant. The answer of said respondent's testatrix was a general denial, and alleged that she went into the possession of the premises on March 1, 1895, under a lease made by the appellant to her. The appellant, during the times hereafter mentioned, was the lessee of the entire store above referred to, in part of which she carried on a corset and fancy-goods business; and by a written lease bearing date the 31st day of January, 1895, she underlet the "westerly half" of such store to the respondent's testatrix for the term of four years and two months from March 1, 1895, as a millinery establishment. According to the map of the survey and the undisputed testimony of the surveyor, the store is only about 9 feet wide at the front of the westerly entrance, and continues at that width for about 13 feet. It then widens out, by reason of a jog on the easterly side of about 8 feet, but half of this space is taken up by a stairway leading to the basement. After the entrance to the latter is passed, it is about 17 feet wide, and continues at this width to within about 36 feet of the rear wall, at which point it again widens out about 2 feet, thus making the width of this part of the store about 19 feet. Within the space last referred to, and for about 30 feet from the southerly wall, the store has been divided into an upper and lower part by a horizontal mezzanine floor, thus creating a gallery and subgallery of equal dimensions, each room or apartment being 8 feet in height in the clear. The con-

troversy here arises with respect to the easterly half of the lower room or subgallery.

On the trial the respondent's testatrix was permitted to give testimony to the effect that during the negotiations preceding the execution of the lease, which took place on January 31, 1895, the appellant and herself made an examination of the store, when the former pointed out the part each was to occupy, it being understood between the parties that the room under the gallery was included in that portion of the store sought to be leased, viz. the westerly portion, and that the appellant was to occupy the gallery, access to which is gained by a staircase on the easterly side; that, in pursuance of such understanding, the respondent's testatrix took possession of the lower room, and the appellant occupied the gallery. The respondent's testatrix was further permitted to show by the testimony of one Malcohn G. Broadbent that, while negotiations were pending between said parties litigant, the appellant stated that she did not wish to have said room below the gallery painted, because she expected to let it to the respondent's testatrix. All of the foregoing testimony was received under the appellant's objection and exception.

The appellant insists that the premises so leased by her to the respondent's testatrix are described in the lease with sufficient certainty to locate the same without resorting to oral evidence; but, to my mind, such description is of the most vague and indefinite character, the lease setting forth no monuments to indicate the dividing line between the part of the store leased to the respondent's testator and the remaining portion retained by the appellant, and not intended to be included in the demise.

It is further urged by the appellant that the store is capable of an equal division, by drawing a line through the middle of the different widths of the same, and that by applying this method the large show window will be in the easterly or petitioner's half of the store. An examination of the surveyor's map, however, shows the fallacy of this contention. At the westerly corner of the building facing the street is a show window 2 feet wide and 9 feet and 6 inches deep, and adjoining the same, in an easterly direction, is an entrance 2 feet and 6½ inches wide. East of the latter is a show window having a width of 7 feet and 1 inch in front, and 4 feet and 8 inches in the rear, and a depth of 9 feet and 6 inches. Under these circumstances, I fail to perceive the appellant's right to the whole of the easterly show window.

The map put in evidence contains a line drawn through the center of the store, and running from north to south. According to such map, the large show window, excepting 2 feet and 5 inches thereof fronting the street, is to the west of the middle line, while the gallery, which extends across the full width of the store, is so arranged that access to it can be gained only by using a staircase which is wholly within the easterly portion of the store. The application of the middle line, therefore, in either instance, signally fails to definitely locate the part of the store which the appellant intended to lease to the respondent's testatrix, and did lease by the designation

the "westerly half" of the store in question; and hence, in view of such ambiguity, oral evidence was admissible, not to contradict or vary the lease, but to identify the part of the store demised, and show the appellant's intention.  Pettit v. Shepherd, 32 N. Y. 97, 104.

The general rule pertaining to the question under consideration is well stated by Haight, J., in Harris v. Oakley, 130 N. Y. 5, 28 N. E. 531, as follows:

"Where, in the description of premises in a deed, courses, distances, and monuments are given, the premises must be located according to the deed, and all parol evidence of the declaration and acts of the parties of an intended different location is inadmissible, as contradicting or varying the deed.  But there is another rule to which we must call attention, and that is that, where the description contained in the deed is so vague, obscure, or conflicting as to leave the intent of the parties uncertain, the declarations and acts of the parties may be shown by parol."

These rules are frequently applied in the construction of deeds where the land is vaguely described.  Thus, oral evidence was admitted to show what was intended by the "west half of lot 76" in a township (Pettit v. Shepherd, supra); and by the following descriptions or designations: "At or near a tree" (Stewart v. Patrick, 68 N. Y. 450); "Pelican Beach" (Coleman v. Improvement Co., 94 N. Y. 229); "fractional lot, whereon John Smith now lives No. 181" (Summerlin v. Hesterly, 20 Ga. 689); "south half of a certain quarter section" (Prentiss v. Brewer, 17 Wis. 635); "parts of certain lots" (Shore v. Miller, 80 Ga. 93, 4 S. E. 561); "one acre from the southwest corner of the southwest quarter of the southwest quarter of section 9, together with the buildings thereon" (Lego v. Medley, 79 Wis. 211, 48 N. W. 375); "south fractional half of fractional section twenty-nine" (Swayne v. Vance, 28 Ark. 282); "one acre and a half in the northwest corner of section five, together with the brewery," etc. (Bybee v. Hageman, 66 Ill. 519); "one-third of a league of land known as 'Survey No. 290,' on David's creek, a branch of the Colorado river, about one mile from the mouth of said river, and about twelve miles from the mouth of the Concho, described in letters patent dated the 15th day of October, A. D. 1851" (Giddings v. Lea [Tex. Sup.] 19 S. W. 682); "southeast quarter of section number fourteen (14)" in a township (Eckford v. Eckford [Iowa] 58 N. W. 1093).  In Lanman v. Crooker, 97 Ind. 163, a mortgage was executed upon land, excepting "twenty acres from the northeast corner of said above-described tract of land, formerly deeded to Wm. Davis and Emeline M. Davis." In an action to recover the said 20 acres, it was held that oral evidence was admissible to show that the 20 acres intended to be excepted was not in the northeast corner, but off the south end.  In Thompson v. Jones, 4 Wis. 106, the deed described the premises as in the northwest quarter section, and oral evidence was admitted for the purpose of showing that the southeast quarter section was intended.  In Davidson v. Shuler's Heirs, 119 N. C. 582, 26 S. E. 340, oral evidence was admitted to locate a tree called for by a grant as the beginning corner, at the northeast corner of the lot referred to in the grant, instead of the southeast corner described therein.  In Orvis v. Railroad Co., 17 App. Div. 187, 45 N. Y. Supp. 367, it was said, by Putnam, J. (17 App. Div. 190, 45 N. Y. Supp. 369), "that, when

words of general description are used in a deed, oral evidence may be resorted to to locate the premises conveyed."

In the light of these authorities, it is manifest that the foregoing testimony regarding the construction given by the parties to the lease under consideration, as shown by their acts and admissions, was rightly admitted. The testimony so received was contradicted by the appellant, and there was sufficient evidence in the proceeding to support a finding either way. The justice decided in favor of the respondent's testatrix, but we should not disturb his decision, in the absence of the elements which are requisite to a review of the facts. He had the advantage, which we do not enjoy, of observing the witnesses while on the stand, and the manner in which they gave their testimony, and hence was in a better position than we are of judging as to their credibility. Berman v. Goldsand, 22 Misc. Rep. 735, 49 N. Y. Supp. 1098.

It follows from these views that the final order should be affirmed, with costs. All concur.

BEEKMAN, P. J. I concur in the conclusion to which Mr. Justice GIEGERICH has come; that the final order made by the court below should be affirmed. After a careful examination of the evidence in the case, I think that the proofs are sufficient to justify a conclusion that there was a practical location of the demised premises between the parties which is sufficient to sustain the division of the store between the two to which the respondent has testified. The peculiar manner in which the store was arranged, at the time that the lease in question was entered into, should be considered in determining from the lease itself what was meant by the parties when they described the premises to be leased as the "westerly half" of premises that were not actually divided by any visible boundaries in that manner. The departure, then, in a single detail, from a general easterly and westerly division of the premises, is not necessarily inconsistent with the general description which the lease gives of a westerly half. Conceding the claim of the respondent to the whole of the floor in the rear under the gallery, the description of the premises as the westerly half of the whole store would still be not inapt as a general designation of what had been demised. I do not think, therefore, that the inclusion of the premises in dispute in respondent's lease is so inconsistent with the terms of the lease itself as to bring the case within the rule which forbids the modification or variation of the terms of a written instrument by parol. There was sufficient ambiguity in the lease disclosed by the actual situation of the store to justify a resort to parol evidence to explain the meaning and intention of the parties. The contention of the respondent, it seems to me, is also supported by the probabilities of the case. The only access to the gallery was by the staircase situated wholly upon the easterly half of the premises, while the entire space under the gallery could only be reached by going upon the westerly half. It was therefore most natural, and I think also equitable, that the division to which the respondent has testified should have been made. It is true that the appellant denies that there was any such practical location or divi-

sion agreed upon, but it also appears beyond dispute that during the period of the occupation of the demised premises by the respondent— a period of about three years—she has actually occupied and used the portion of the store in dispute, and that the appellant during the same time has had the exclusive use of the whole of the upper floor of the gallery. There was, therefore, quite enough in the case to justify the court below in finding the facts in favor of the respondent, and, under repeated decisions of this court, a conclusion thus reached will not be disturbed.