### MITTLER v. HERTER.

(City Court of New.York, General Term.    November, 1902.)

1. LEASE—INDEFINITE DESCRIPTION—PAROL EVIDENCE—ADMISSIBILITY.
    On an issue as to whether defendant had fulfilled his contract to lease plaintiff an incompleted building described as "the northerly half store" at a certain street number, parol evidence was admissible to show that the store offered was of different dimensions than that agreed on.

Appeal from Trial Term.
Action by Sabina Mittler against Peter Herter. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.
Argued before SEABURY, CONLAN, and McCARTHY, JJ.

John F. Coffin, for appellant.
Max Steinert, for respondent.

SEABURY, J. This action was brought to recover the sum of $250, which the plaintiff deposited with the defendant as security for a lease which the defendant made to the plaintiff of certain premises described in the complaint, and which sum it was agreed should be returned to the plaintiff on the fulfillment of the contract by the plaintiff, or on the failure to fulfill on the part of the defendant. According to the contention of the plaintiff, the size of the store which the defendant agreed to lease to the plaintiff was to be 25 feet wide and 132 feet deep. The defendant admitted the making of the lease, but denied that it was agreed that the store was to be of the dimensions alleged by the plaintiff, and alleged performance upon his part, and the failure of the plaintiff to perform the agreement. The written lease entered into by the parties provided that the plaintiff agreed to hire and the defendant agreed to let "the northerly half store of Nos. 7 and 8 Chatham Square," to be used as a clothing store, for the term of five years. At the time of the execution of the lease the building was not completed, and the lease provided that the plaintiff's possession of the store was to commence five days after notice of the completion of the building. The building was subsequently completed, and notice in conformity to that required by the terms of the lease was duly given. The plaintiff did not take pos-

session of the premises, and demanded the return of the $250 deposited as security. Upon the trial of the action the plaintiff was permitted, over the objection and exception of the defendant, to introduce in evidence a letter written before the execution of the lease, and to prove conversations between the parties, for the purpose of showing that the premises demised were to be 25 feet wide and 132 feet deep, and that the store offered by the defendant was only 19 feet wide and 132 feet deep. The correctness of the rulings of the court in admitting the letters and proof of the conversations in evidence are challenged by this appeal. The appellant invokes the general rule that parol evidence is inadmissible to vary or contradict the terms of a written instrument, and insists that the terms of the lease in question were definite and certain, and clearly defined the dimensions of the store. The rule which the appellant invokes is not absolute, and there are exceptions to it. Where the description of the premises demised is obscure, vague, or ambiguous, it has been held that the declaration and acts of the parties may be proven to determine the intent of the parties. In Harris v. Oakley, 130 N. Y. 1, 28 N. E. 530, Haight, J., said that where, "in the description of premises in a deed, courses, distances and monuments are given, the premises must be located according to the deed, and all parol evidence of the declarations and acts of the parties of an intended different location is inadmissible as contradicting or varying the deed. But there is another rule to which we must call attention, and that is that, where the description contained in the deed is so vague, obscure, or conflicting as to leave the intent of the parties uncertain, the declarations and acts of the parties may be shown by parol." In the case at bar the description of the premises demised was clearly ambiguous and vague, so that a resort to parol evidence was necessary and proper. The description used in this case, "the northerly half store" certainly did not sufficiently designate the exact boundaries of the premises demised. Parol evidence, therefore, "was admissible, not to contradict or vary the lease, but to identify the part of the store demised, and show the appellant's intention." Freund v. Kearney, 23 Misc. Rep. 685, 52 N. Y. Supp. 149· In Freund v. Kearney, supra, the description contained in the lease was that "the westerly half" of the store in question was leased, and it was held that oral testimony to explain the ambiguous description was admissible. The case also reviews many other decisions which demonstrate beyond question the correctness of the admission of such evidence in the present case. The judgment and order appealed from must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.