█ ROCCO FALLONE et al., Respondents, v. HARRY O. GOCHEE et al., Respondents, and PAUL GIEBITZ et al., Appellants.— Defendants appeal from a judgment of the County Court of the County of Albany pursuant to article 15 of the Real Property Law adjudging the plaintiffs to be the owners of a parcel of land consisting of 9.219 acres in the Town of Westerlo in Albany County and further adjudging that any claim which the defendants might have to said premises is unjust. All of the property of the plaintiffs which is the subject of

this action as well as the adjoining farm of the defendants were descended by mesne conveyances from Frank Wright and Mandy E. Wright (also known as Amanda E. Wright). Said Frank Wright obtained title to the same in 1906 and his wife Amanda inherited the balance of the property in 1933. The predecessor in title of the plaintiffs, one Charles Onderdonk received a deed from Frank Wright and Mandy E. Wright in 1926 which described the permises conveyed as follows: " All that certain tract piece or parcel of land situated and being in the Town of Westerlo, Albany County, N. Y. located and described as follows: Starting at the line fence at the highway between the farms of Dewitt Sisson and Frank Wright on the south side of the road running from South Berne to Swartouts Corners, bounded on the west by lands of Dewitt Sisson, on the south and east by lands of Frank Wright and on the north by the highway containing five acres of land be the same more or less." In their brief, the appellants state " the only boundary in question and dispute is the south boundary of the property, concerning which title is at issue. The north, the west, and the east boundaries are not in question ". The defendants Giebitz purchased their property from Amanda E. Wright, widow of Frank Wright, by deed dated August 1, 1936, which after describing the property stated: " It is understood that the original farm contained about 227 acres of land, on Nov. 26, 1926, about 5 acres of land on the west side of farm was conveyed by deed Frank Wright and Amanda E. Wright, his wife, to Charles Onderdonk; Also on March 31, 1928 about 100 acres of land on south side of farm was conveyed by deed Frank Wright and Amanda E. Wright, his wife, to Everett Boughton." The plaintiffs' case is based upon the testimony of Dorothy May Scoons, granddaughter of Charles Onderdonk, and Charles E. Venter, Jr., who surveyed the property in July of 1957. The granddaughter testified that she saw her grandfather erect a wire fence in 1927 commencing at a blazed elm tree at the southeast corner of the premises and continuing along the easterly boundary. From the same tree a stone wall extended westerly (the south boundary) and joined a stone wall extending southerly (the west boundary). Venter, the surveyor, testified that in making his survey he used certain maps and notes furnished him by Mr. Zeh, who had assisted a Mr. Howe in making a survey in 1948, and that his purpose was to determine the amount of land within the boundaries he determined to be controlling, the only one in dispute being the south boundary which Venter found to be a stone wall. As a result of determining such boundaries, the quantum instead of being 5 acres more or less was 9.2 acres. The survey of the *loqus in quo* fitted the description in the deed except for the acreage. Such testimony to aid in locating the premises is admissible. (*Petitt* v. *Shepard*, 32 N. Y. 97, 104; *Mullen* v. *Washburn*, 224 N. Y. 413, 418.) The defendant Giebitz offered no testimony to dispute these two witnesses except as to certain insulators on the tree which he claimed to have installed. From the testimony and from the exhibits, particularly defendants' Exhibit " A ", it is apparent that unless the stone wall is used for the southerly boundary, the quantum of " five acres more or less " could only be determined by a survey in which an arbitrary south line with no form of marker or boundary would be established. The land here in question is undeveloped so far as the record shows and while the plaintiffs are obtaining considerable more acreage than called for in the deed, the physical indications visible on the ground of boundary lines accepted by the parties over a period of time are controlling under the circumstances herein. There is some evidence of adverse possession. (*Belotti* v. *Bickhardt*, 228 N. Y. 296–302 [1920] and more recently in *Van Valkenburgh* v. *Lutz*, 304 N. Y. 95, 98 [1952]; see, also, Civ. Prac. Act, §§ 39, 40.) Order and judgment affirmed, with costs. Bergan, J. P., Coon, Herlihy and Reynolds, JJ., concur; Gibson, J., concurs in the result.